**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4589**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

EPIFANIO FLORES, a/k/a Pifas,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   Thomas David Schroeder, District Judge. (1:10-cr-00332-TDS-2)

———————————

Submitted:  May 31, 2012           Decided:  June 5, 2012

———————————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Jason G. Goins, Asheboro, North Carolina, for Appellant.   Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Epifanio Flores appeals the 150-month sentence imposed following a guilty plea to conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (2006). Flores argues on appeal that his sentence is unreasonable because the district court granted him only a forty percent reduction in accordance with the Government's motion under U.S. Sentencing Guidelines Manual § 5K1.1 (2010) instead of the fifty percent reduction he requested at sentencing. We affirm.

Flores does not challenge the district court's computation of his Guidelines range or the district court's selection of sentence before application of the § 5K1.1 departure. Flores only challenges the extent of the district court's departure. However, the extent of the district court's § 5K1.1 departure is generally unreviewable on appeal. See United States v. Shaw, 313 F.3d 219, 222 (4th Cir. 2002) ("we do not have the authority to review the extent to which a district court departs downward unless the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines").

To the extent Flores otherwise challenges the substantive reasonableness of his sentence, he points to no sentencing factor that rebuts the presumption of reasonableness

2

for his below-Guidelines sentence. We therefore conclude that his sentence is reasonable.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED